962 F.2d 17
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerry EWING, Petitioner-Appellant,
v.
Robert J. TANSY, Respondent-Appellee.
 No. 91-2264.
 United States Court of Appeals, Tenth Circuit.
 May 6, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Judge, and EBEL, Circuit Judge.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 Appellant Ewing moves for the granting of a certificate of probable cause under 28 U.S.C. 2253 in order to appeal the district court's dismissal of his petition for habeas corpus relief under 28 U.S.C. § 2254. Because the appellant failed to raise any question cognizable under section 2254, we deny the motion for a certificate of probable cause.
 
 
 2
 The appellant alleges that New Mexico improperly applied its habitual offender statute, N.M.Stat.Ann. § 31-18-17, to his conviction for distribution of marijuana. However, "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 110 S.Ct. 3092, 3102 (1990). Thus, the appellant's only remedies, which he has already exhausted, were direct appeal of the conviction and state habeas relief.
 
 
 3
 We deny the motion for a certificate of probable cause and accordingly DISMISS the appeal.
 
 
 4
 The mandate shall issue forthwith.
 
 
 5
 FNAfter examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3